IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELANIE SHAFFER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. )<br>) | Civil Action No. 23-129-J |

O R D E R

AND NOW, this 31st day of May, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

1

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") failed to properly evaluate the opinions of Drs. Leah Bielski, Psy.D., and Marja Mattila-Evenden, M.D., Ph.D., as these opinions described greater limitations than those found by the ALJ in Plaintiff's residual functional capacity ("RFC"). (Doc. No. 9). As explained below, the Court is not persuaded by Plaintiff's arguments and affirms the ALJ's finding of non-disability.

The ALJ evaluated Drs. Bielski's and Mattila-Evenden's opinions and found they had little persuasive value because they were inconsistent with the record. (R. 28-30). Both doctors assessed that Plaintiff had disabling limitations, including being absent from work four or more days per month, having an inability to respond to usual work situations, and having difficulty interacting with supervisors and co-workers. (Exs. 13F; 20F). After assessing these opinions, and the record as a whole, the ALJ formulated the following, less limited, RFC:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except:
> - She is capable of climbing ramps and stairs no more than frequently.
> - She is incapable of climbing ladders, ropes, and scaffolds.
> - She is capable of stooping no more than frequently.
> - She is capable of kneeling and crouching no more than occasionally.
> - She is incapable of crawling.
> - She cannot be exposed to unprotected heights or work in close proximity to (within arm's reach of) dangerous moving mechanical parts.
> - She must avoid concentrated exposure to extreme cold.
> - She is limited to working in a setting in which the noise level does not exceed moderate noise.
> - She is able to perform simple work-related decisions.
> - She is limited to positions with no more than occasional interaction with supervisors and coworkers.
> - She is limited to positions that do not require interaction with the general public.
> - She is able to tolerate few changes in a routine work setting defined as a stable work environment where workplace and work process remain generally the same from day to day.

(R. 22). The ALJ went on to explain that, given this RFC, Plaintiff was unable to perform

any past relevant work, but was capable of performing jobs that exist in significant numbers in the national economy. (R. 31-33). Accordingly, the ALJ found Plaintiff was not disabled. (R. 33).

The Court rejects Plaintiff's argument that Dr. Bielski's opinion should have been found persuasive. (Doc. No. 9 at 8-15). Specifically, Plaintiff argues that the ALJ selectively referred to evidence that supported rejecting Dr. Bielski's opinion and gave no reasons why the evidence of abnormal findings, including anxious affect, anxious/depressed mood, anxiety attacks, impaired attention/concentration, and poor insight/judgment, were not consistent with and supportive of Dr. Bielski's opinion. (*Id.* at 12-13). However, Plaintiff's argument ignores the fact that an ALJ "need not mention every piece of evidence in the record." *Beety-Monticelli v. Comm'r of Soc. Sec.*, 343 Fed. Appx. 743, 747 (3d Cir. 2009).

Here, the ALJ sufficiently analyzed Dr. Bielski's opinion, and his decision that this opinion was of little persuasive value is supported by substantial evidence. Dr. Bielski opined that Plaintiff had extreme limitations in her ability to respond to usual work situations and to changes in a routine work setting; that she had marked limitations in her ability to understand, remember and carry out complex instructions, make judgments on complex work-related decisions, and interact appropriately with the public, supervisors, and coworkers; and that she had moderate limitations in her ability to understand, remember, and carry out simple instructions and make judgments on simple work related decisions. (R. 29; Ex. 13F). The ALJ found Dr. Bielski's opinion was supported by her examination findings, but not consistent with the record because it was "markedly different than the other mental status examination findings of record." (R. 29). Indeed, Plaintiff's treating psychiatrist opined that Plaintiff had anxious and depressed moods, but grossly intact cognition and good insight and judgment, among other findings. (R. 29). Additionally, Plaintiff's other examinations showed generally normal findings with some anxiety. (R. 29-30). While Plaintiff is correct that the ALJ did not expressly reference all evidence of abnormal findings, including anxious affect, the ALJ sufficiently analyzed the evidence as a whole. (R. 29-30). Plaintiff ultimately points to contrary evidence in the record in an effort to persuade this Court to reweigh the evidence. The Court declines Plaintiff's invitation and finds the ALJ's analysis of Dr. Bielski's opinion is supported by substantial evidence. *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009) ("The presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision.").

The Court also rejects Plaintiff's argument that Dr. Mattila-Evenden's opinion should have been found persuasive. Plaintiff states that the ALJ incorrectly rejected this opinion for the following reasons: (1) the ALJ inappropriately considered that Dr. Mattila-Evenden evaluated Plaintiff via telemedicine; (2) the ALJ stated Plaintiff was able to move

3

---

a few months before the hearing and was living alone, but ignored that Plaintiff was stressed during her move; (3) the ALJ cited Exhibit 16F in support of the assertion that this opinion was inconsistent with Plaintiff's report of feeling more stable with a reduction in symptoms even though this exhibit shows that Plaintiff's Cymbalta was increased three times due to symptoms; (4) the ALJ incorrectly stated that this opinion was inconsistent with Plaintiff's denial of depressive symptoms as shown on negative PHQ screenings; (5) the ALJ inaccurately stated that this opinion was inconsistent with Plaintiff's PHQ-9 and GAD-7 scores and Plaintiff's reports during these assessments; (6) the ALJ ignored findings that Plaintiff had impaired attention and concentration; and (7) the ALJ stated this opinion was inconsistent with Plaintiff's ability to maintain family relationships, spend time with old friends, and a variety of Plaintiff's other merely sporadic daily activities. The Court finds that these arguments are of little merit and affirms the Commissioner's decision, as the ALJ sufficiently analyzed Dr. Mattila-Evenden's opinion.

Dr. Mattila-Evenden was Plaintiff's treating psychiatrist, and she opined that Plaintiff was limited in her ability to adapt to changes in her environment, would have difficulty interacting with supervisors and coworkers, would have difficulty managing even a low stress work environment, would have difficulty maintaining concentration, and would have more than four "bad days" per month during which she could not complete an 8-hour shift.  (R. 28; Ex. 20F/3).  The ALJ noted that this opinion had little persuasive value because it was inconsistent with other evidence of record and was not supported by Dr. Mattila-Evenden's own records, which showed generally normal mental status examination findings.  (R. 28-29).  The ALJ also noted that Dr. Mattila-Evenden evaluated Plaintiff "every two to three months via telemedicine for approximately 10 to 15 minutes at a time."  (R. 28).  However, contrary to Plaintiff's assertion, the ALJ did not cite this as a reason to find the opinion less persuasive but instead stated this as a fact to give context to the assessments.  (R. 28 (stating "Dr. Mattila-Evenden only saw the claimant every two to three months via telemedicine for approximately 10 to 15 minutes at a time.")).  Absent evidence to the contrary, which Plaintiff fails to point out, the Court takes "the ALJ at his word[.]"  *Jones v. Comm'r of Soc. Sec.*, 297 Fed. Appx. 117, 120 (3d Cir. 2008).  Accordingly, the Court rejects Plaintiff's argument on this point.

Further, the Court finds no merit in Plaintiff's argument that the ALJ ignored evidence that Plaintiff was stressed during her move and that Plaintiff had impaired attention and concentration.  Plaintiff argues that the ALJ ignored this evidence, which she reported to her doctors during appointments.  In his decision, the ALJ noted that Plaintiff moved "a few months before [her] hearing and was living alone . . . [and s]he was able to adjust to that change without significant issue."  (R. 28 (citing Hearing Testimony)).  In doing so, the ALJ considered Plaintiff's subjective complaints and appropriately concluded that they were not entirely credible.  (R. 26-27); *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 433 (3d Cir. 1999).  *See also Morris v. Barnhart*, 78 Fed. Appx. 820, 824-25 (3d Cir. 2003) (explaining that "the mere memorialization of a

4

claimant's subjective statements in a medical report does not elevate those statements to a medical opinion."). Moreover, the ALJ expressly noted Plaintiff's impaired attention and concentration when analyzing Plaintiff's consultative examination, which showed impaired attention and concentration. (R. 26 (citing Ex. 13F)). However, the ALJ found that this finding was inconsistent with Plaintiff's earlier consultative examination and with records from Plaintiff's treating psychiatrist. (R. 26).

Additionally, the Court finds no merit in Plaintiff's argument that the ALJ inappropriately cited Exhibit 16F in support of the assertion that Dr. Mattila-Evenden's opinion was inconsistent with Plaintiff's report of feeling more stable with a reduction of symptoms, as this exhibit showed that Plaintiff's Cymbalta was increased three times due to ongoing symptoms. (Doc. No. 9 at 16). Plaintiff's argument holds no weight as the record shows that Plaintiff reported to Dr. Mattila-Evenden that Cymbalta was helping her and that she "fe[lt] more stable" on April 29, 2022, just a few months before Dr. Mattila-Evenden rendered her opinion on September 28, 2022. (Exs. 16F/18; 20F). Accordingly, the ALJ correctly stated that Dr. Mattila-Evenden's opinion that Plaintiff was very limited due to mental impairments was not supported by "records showing generally normal mental status examination findings with reports that the claimant felt more stable[.]" (R. 28 (citing Ex. 16F)). Accordingly, the Court affirms the ALJ's finding on this point.

The Court also finds no merit in Plaintiff's arguments that the ALJ incorrectly stated that Dr. Mattila-Evenden's opinion was inconsistent with Plaintiff's denial of depressive symptoms on negative PHQ screenings and inconsistent with Plaintiff's PHQ-9 and GAD-7 scores. The PHQ-9 and GAD-7 exams are self-administered tests for depression and anxiety, respectively. *Drumm v. Kijakazi*, No. 20-3309, 2022 WL 1320394, at *5 (E.D. Pa. May 3, 2022). The ALJ appropriately found that Dr. Mattila-Evenden's opinion, finding that Plaintiff would frequently have difficulty managing even a low stress work environment, was inconsistent with Plaintiff's "repeated denial of depressive symptoms with her primary care provider as demonstrated by negative PHQ screenings" and therapy records showing "only mild depression on the PHQ-9 and moderate anxiety on the GAD-7[.]" (R. 28 (citing Exs. 11F, 17F, 18F)). Plaintiff does not assert that these statements were incorrect, but rather that these are an oversimplification of the waxing and waning of Plaintiff's mental health symptoms. (Doc. No. 9 at 16-17). The Court views this as an invitation to re-weigh the evidence, which it cannot do. *See, e.g.*, *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) (citation omitted). Thus, the Court rejects Plaintiff's argument on this point.

Lastly, the Court finds no merit in Plaintiff's argument that the ALJ inappropriately considered Plaintiff's sporadic daily activities as a reason to reject Dr. Mattila-Evenden's opinion. The ALJ is required to consider a claimant's activities of daily living in evaluating the severity of a claimant's symptoms and limitations. *See* 20 C.F.R. §

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 8) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:     Counsel of record

---

404.1529(c)(3)(i); *Wright v. Astrue*, No. Civ. 10-942, 2011 WL 4079067, at *3 (W.D. Pa. Sept. 13, 2011). However, as Plaintiff points out, an ALJ may not use evidence of sporadic and transitory activities to support a finding that the Plaintiff can engage continuously in substantial gainful activity. *See Fargnoli v. Astrue*, 247 F.3d 34, 40 n.5 (3d Cir. 2001). Here, the ALJ analyzed Plaintiff's performance of daily tasks, including spending time with an old friend, living alone, performing personal care tasks, preparing simple food, doing laundry, dusting, washing dishes, and vacuuming. (R. 28). The ALJ noted that Plaintiff's daily activities were inconsistent with Dr. Mattila-Evenden's opinion. (*Id.*). These activities differ greatly from transitory and sporadic activities, such as the single trip to Europe in *Fargnoli*. Accordingly, the ALJ appropriately considered Plaintiff's daily activities in evaluating and rejecting Dr. Mattila-Evenden's opinion.

For the foregoing reasons, the Court affirms the decision of the ALJ.